## CIRCUIT COURT OF FAIRFAX COUNTY

Redlac Forest Home Ass'n, Inc.

v.

Moore, Eaton, Presta, Clark,
Marion, Thomas and Koneczny

Case Nos. (Law) 94454, 94455, 94456,
94457, 94458, 94459 and 94460

By JUDGE ROSEMARIE ANNUNZIATA

October 10, 1990

The matter before the Court involves the interpretation and application of certain recorded restrictive covenants which run with the land of the Redlac Forest Subdivision in Fairfax County. The covenants, in pertinent part, read as follows:

> 2. *Association* -- It is the intention of the Seller that a non-profit non-stock association to be called the "Redlac Forest Homes Association, Incorporated," hereinafter referred to as the Association, be organized for the purpose of maintaining the private roads, the bridle trails, and to do such other things as may be necessary to enhance or retain the environment of the subdivision to the good of all lot owners.
> All persons purchasing property in the subdivision of Redlac Forest, by their acceptance of their deeds, execution of sale contracts and/or by these presents, do agree to the organization of the Association and do agree to become a member of the Association upon delivery of their deeds, and continue to remain a member

while retaining ownership within the subdivision, and further agree to contribute their share of the funds (called dues) necessary to the performance of the aforesaid functions by the Association.

Until otherwise increased or decreased by an affirmative vote of two thirds of the members of the Association, each member of the Association shall pay dues to the Association of One Hundred and Fifty Dollars ($150.00) for each calendar year, which dues shall be due and payable in advance. Such dues shall become a lien upon the applicable lot when its owner is billed for the same.

Each lot owner, regardless of the form of ownership or ownership by more than one person, shall for the purpose of membership in the Association, be considered a single member with one vote. However, the owner of two or more lots shall be entitled to a vote for each of the lots owned and shall pay dues on each of the lots. Provided, however, no such dues shall be payable on unsold lots held by the Seller.

A Deed of Restriction and Subdivision containing the restrictive covenants was recorded among the land records of Fairfax County in October, 1972. Articles of Incorporation of the Redlac Forest Homes Association, Incorporated, were filed with the Virginia State Corporation Commission on August 3, 1973, and a Certificate of Incorporation was issued on August 8, 1973.

The authority of the Association to levy assessments on less than the total membership is challenged by the defendants in this case. The plaintiff proceeds under a claim of authority granted to it by an amendment to the Bylaws adopted by the Association's members on September 19, 1989.

The amendment in question authorizes a sub-group of the Association to determine whether assessments for repaving the roads interior to the Subdivision would be levied solely on the sub-group and not on all the members of the Association. Pursuant to the amendment, the sub-group

met and voted to assess each of the members of the sub-group a pro-rata share of the costs incurred for repaving the interior roads of the subdivision. Some of the members of the sub-group refused to pay the assessment, giving rise to this action.

While the defendants contend the covenants preclude such special assessments applied to less than the entire membership, the plaintiff argues that the Bylaws and Rules and Regulations of the Association empower the Association to adopt all means necessary to adequately finance the purposes of the Association, including the maintenance, preservation and control of the common properties such as private roads. Both parties agree that, to the extent the Bylaws and Rules and Regulations are inconsistent with the covenants, the covenants are controlling.

Upon review of the covenants and other documents submitted by the parties by stipulation, the memorandum of law filed by defendants, the relevant law and the arguments of counsel, I find that the plaintiff does not have the authority to assess less than the entire Association membership with the costs incurred to repave the interior subdivision roads.

The nature and scope of the Association's power is delineated in and limited by the restrictive covenants as recorded. It is elementary that where the language of the covenant is not ambiguous, the plain meaning of the language governs. Further, the covenant's limitations cannot be enlarged by the Property Owners' Association Act which specifically provides that its provisions shall not be deemed to affect the validity of any provisions of any declaration recorded prior to July 1, 1989.

From the face of the covenants (Article 2), it appears that:

1. The Association has the right and duty to pave the roads as part of its duty to maintain them;

2. The costs incurred for the performance of such functions are to be shared by all Association members ("*All* persons purchasing property in the subdivision . . . agree to contribute their share of the funds (called dues) necessary to the performance of the aforesaid functions of the Association") (emphasis added);

3. That such funds (called dues in the Declaration) shall be paid by *each* member of the Association;

4. That while the amount to be paid is subject to increase or decrease: by an affirmative vote of two-thirds of all members of the Association, who may be assessed is not subject to amendment until July 1, 1992 (See paragraph 9 of the Declaration). I note, parenthetically, that the vote to levy the sub-group assessment is invalid in that not all the members of the Association voted on the proposal.

Accordingly, I find the assessments to be invalid and that the plaintiff's warrants in debt should be dismissed.

Defendants further seek an award of attorneys' fees and costs expended in this matter. Defendants' request is denied on the ground that an award of attorneys' fees is limited by the Declaration, paragraph 6, to those fees expended in the collection of any liens arising under the Declaration. In addition, § 55-515 of the Property Owners' Association Act is inapplicable by its express terms: (1) the Act shall not be construed to affect the validity of paragraph 6 of the Declaration and (2) even in the absence of the dictates of the restrictive covenant, contained in paragraph 6 of the Declaration, § 55-515 only authorizes an award of attorneys' fees in suits against individual lot owners who fail to comply with the Declaration; its provisions cannot be extended to apply to an action arising from the Association's failure to comply.

### November 27, 1990

The matter before the Court is plaintiff's Motion to Reconsider the dismissal of its warrants in debt. The Court has reviewed the Association's arguments made in its memoranda of law, as well as its oral arguments before the Court on November 9, 1990, and the documents submitted by the parties by stipulation. After consideration of this material and the relevant law, the Court concludes that the Association's Motion to Reconsider should be dismissed.

The Association's primary argument is that "special assessments" are permitted on less than its total membership pursuant to its bylaws and rules and regulations because the restrictive covenants only apply to "dues." In construing the covenants, it is elementary that the Court must

"give effect to the plain intention of the parties" and not seek "ingenious subtleties of interpretation by which to evade such restrictions." *Traylor v. Holloway*, 206 Va. 257, 261 (1965).

In my opinion, the Association's distinction between "special assessments" and "dues" defeats the clear intention of the restrictive covenants. I considered the specific language of the covenants at length in my letter opinion of October 10, 1990. I again note that the covenants recite that "*all* persons purchasing property in the subdivision . . . agree to contribute their share of the funds (called dues) necessary to performance" of the Association's functions. The Association's functions include "maintaining the roads within the subdivision" and "such other things as may be necessary to enhance or retain the environment of the subdivision to the good of all lot owners." The covenants also provide that "*each* member of the Association" (emphasis added) agrees to pay these funds, or "dues" as they are referred to in the restrictive covenants, of $150.00. Thus, it is evident from the face of the covenants that the Association is to finance the costs of enhancing the environment of the subdivision, which would include the costs of paving (or repaving) the interior roads at issue, by collecting an equal amount of funds from each member. The Association's attempt to assess a sub-group of its members for the costs of repaving the interior roads is, therefore, in violation of the restrictive covenants.

The Association's second argument is that a proposed amendment to its bylaws (Joint Exhibit # 26) gave the Association the authority to levy a "special assessment" against a sub-group of its members for the costs of paving the interior roads. I find this argument to be unpersuasive. Article IV of the bylaws provides that the restrictive covenants govern in the event the covenants and bylaws conflict. As noted above, the covenants prevent the Association from assessing less than its total membership for the costs of paving the roads and, therefore, the covenants govern. Both parties concede that Article IV of the bylaws clearly dictates this conclusion.

Furthermore, a homeowner's association may not exercise its corporate powers in "derogation" of restrictive covenants running with the land. *Bauer v. Harn*, 223 Va. 31,

36 (1982). In *Bauer*, the Court noted that a homeowners' association must define and exercise its corporate powers "subject . . . to the contractual obligations embodied in the restrictive covenants." Thus, the Association's Amendment of its bylaws to permit special assessments is invalid according to *Bauer* because the amendment conflicts with the restrictive covenants.

Finally, the Association's argument that it was authorized pursuant to its bylaws to levy unequal assessments fails because the sub-group assessment was not passed in accordance with the Declaration. The Declaration provides that the restrictive covenants may not be amended until July 1, 1992. *See* Article 9, Joint Exhibit 1. The Amendment to the bylaws was adopted on September 19, 1989, prior to the date specified in the Declaration, and is therefore invalid. In addition, the Declaration requires an affirmative vote of two-thirds of all the members of the Association to amend the covenants. Since only a sub-group of the Association's members voted on the Amendment, it is invalid.